### BOND v. STEWART et al.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. BUILDING CONTRACT—EXTENSION OF TIME.
    An indefinite extension of time in which to complete work under a building contract gives a reasonable time therefor.

2. SAME—EXTRAS.
    A contractor for construction of a building, who, being unable to obtain iron beams of the size specified when needed, is given permission by the architect to substitute heavier beams, at his option, cannot recover as for extras for furnishing the same.

Appeal from special term, New York county.

Action by Charles F. Bond against James M. Stewart and another. From a judgment for plaintiff on decision after trial, defendants appeal. Reversed conditionally.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Henry De F. Baldwin, for appellants.
Samuel Campbell, for respondent.

McLAUGHLIN, J. This action was brought to foreclose a mechanic's lien, amounting to $8,054.17, for work done and materials furnished in the construction, for the defendants, of a building at the corner of Riverside drive and Eighty-Fourth street, in the city of New York. A portion of the work done and materials furnished (amounting to the sum of $6,506) was alleged to have been done under a written contract, and the balance for extra work done and materials furnished for the same building. The defendants, by their answer, denied that the plaintiff had performed his contract, in that he had not completed his work upon the building within the time specified, and by reason thereof they had sustained damage to the extent of $12,000, which sum they asked to counterclaim against the plaintiff. Upon the trial it was conceded that "the plaintiff duly performed for the defendants the work in accordance with the plans and specifications," and that "notice of the mechanic's lien set forth in the complaint was duly filed, and a copy served upon the defendants, and that after the commencement of this action this lien was bonded." The defendants also conceded that there was due to the plaintiff under the original contract the amount claimed by him. After these concessions had been made, the only questions which remained to be determined were those arising under the plaintiff's claim for extra work done and materials furnished, and the damages which the defendants alleged they had sustained, and which they sought to counterclaim against the plaintiff, and all of the

evidence introduced was directed towards these issues. The trial court found that the plaintiff was entitled to recover the full amount claimed for extra work, and that the defendants had failed to establish their counterclaim. By the written contract the plaintiff was bound to complete his work upon the building in question by the 11th of May, 1899, but the time was extended to May 23d. By reason of the failure of other contractors at work upon the same building to do their work, it was impossible for the plaintiff to fully complete his contract by this time. Keister, the architect, and the witness Stewart, testified that, taking into consideration the delays to which the plaintiff was subjected by other contractors, whose work upon the building preceded his, it was impossible for him to complete his work by May 23d, and Keister further testified that there was another and indefinite extension of time in which the plaintiff was at liberty to furnish certain materials, which extension was granted on account of a delay in the foundation walls, caused by the contractor who had the masonwork to perform; that the materials specified were not delivered at the building by the plaintiff until June 16th, but that this complied with the extensions theretofore given. It also appeared from the testimony of these witnesses and others that, while certain materials were not furnished at the time specified in the contract, nevertheless the failure to furnish them at that time did not delay the final completion of the building, and that fact could not be attributed to the plaintiff. There is evidence to justify the finding that after May 23d no definite time was fixed within which the work was to be completed, and therefore the plaintiff had a reasonable time within which to complete the work. It does not appear that he unreasonably delayed the work after that time, and therefore the defendants were not entitled to recover on their counterclaim, and the judgment, so far as it disallows the counterclaim, is right.

We are, however, unable to agree with the trial court that the plaintiff is entitled to recover all of his claim for extra materials furnished and work done. The items for extra work objected to by the defendants are included in Schedules A, B, and C of plaintiff's Exhibit A, set out in the record. We do not think that the plaintiff was entitled to recover the claim there made. It is true that at the end of the exhibit the architect certified as follows: "Items A, B, and C I certify as being for materials purchased under letter of June 6, 1899. George Keister." Keister, it will be remembered, was conceded to be the architect and agent of the defendants. The letter referred to by him in this certificate is dated June 7, 1899 (not 6th), and reads as follows:

"Mr. C. F. Bond—Dear Sir: Please proceed with the work at Riverside drive and 84th street without delay. Substitute, at your own discretion, for the balance of the floor beams. Deliver as quickly as possible.
                                        "George Keister."

In relation to the materials for which a substitution was thus permitted, it appears from the testimony of the plaintiff himself, as well as that of Keister and other witnesses, that, owing to the condition of the iron market, it was impossible for the plaintiff to pro-

cure, at that time, beams of the dimensions required by the plans and specifications annexed to, and made a part of, the contract, for which reason he could not perform his contract within the time specified, and, to enable him to do so, Keister, representing the defendants, permitted him, at his option, to substitute heavier ones, which the plaintiff could obtain. This option was given to, and exercised by, the plaintiff solely for his own benefit. It does not appear, and we do not understand, that any claim is made by the appellants that any of the changes charged for in Schedules A, B, and C were made because the building department had required the substitution of heavier materials, or that they were made for any other reason than that the plaintiff was unable to get those called for by the contract. The additional cost of the alteration required by the building department was charged for by the plaintiff in the portion of the bill not disputed, and which was allowed by the trial court. The fact that the architect permitted plaintiff to substitute heavier beams, at his own option, did not render the defendants liable for the additional cost of such heavier beams, because, as already said, the option was given to the plaintiff for his benefit; and, in addition to this, it appears that on the 15th of June, before these materials had been furnished or used, Keister wrote the plaintiff as follows: "In relation to the job at Riverside drive & 84th street, will be pleased to have you substitute for nine-inch beams, if possible, but same will be at your expense." On the following day the plaintiff responded, protesting against being obliged to bear the additional expense, but it does not appear that the defendants ever receded from the position which their agent took. Under such circumstances, it does not seem to us that the defendants should be required to bear the additional expense caused by the substitution of the heavier beams. The heavier beams were not required by the contract or specifications, by the building department, or by the defendants. The plaintiff having contracted to furnish beams of certain dimensions, by a specified time, he was obligated to do so, and, if he could not, he became liable to respond in damages for whatever sum the defendants might sustain by reason of his failure. He found himself unable to perform, and for his accommodation, in order that the work might not be delayed, and he subjected to damages by reason thereof, the defendants, through their agent, permitted him to furnish a different beam than that called for by the contract, and, of course, it was at his expense, in the absence of a specific agreement that the additional expense would be borne by the defendants. It follows.

It follows that the items included in Schedules A, B, and C, amounting to $657.60, should not have been allowed to the plaintiff, and for the error thus committed the judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event, unless the plaintiff will stipulate to deduct this sum from the amount of the judgment, together with interest thereon from the date of its entry, and, if such stipulation be made, then the judgment is affirmed as thus modified, without costs to either party. All concur.